S08A1678. BAKER v. THE STATE.
(668 SE2d 716)

SEARS, Chief Justice.

Roger Lee Baker, Jr., was convicted in 2008 of malice murder and related crimes in the shooting death of Calvin Ellison and sentenced to life in prison. Baker appeals, arguing as his sole enumeration of

error that the evidence presented at trial was insufficient to enable a rational jury to find him guilty beyond a reasonable doubt. Finding no merit in Baker's argument, we affirm.[1]

The evidence presented at trial, viewed in the light most favorable to the verdict, enabled the jury to find as follows. On July 7, 2007, 58-year-old Calvin Ellison drove in his SUV to a house his cousin was renovating to see if he could borrow ten dollars for gas. The two heard an argument on the next block and walked over to see what the commotion was.

The commotion was in Baker's yard. Baker, a career criminal approximately ten years Ellison's junior, lived with his elderly parents, his nephew, his girlfriend, and his own three young children. Baker had been arguing with his brother, who brought Baker's children back home unexpectedly so he could go to work. Baker was mad at his brother, because he had plans to go out with his girlfriend that night.

By the time Ellison and his cousin reached the edge of Baker's yard, Baker's fight with his brother had ended. Ellison had been seen with Baker's girlfriend recently, and as soon as Baker saw Ellison, he started yelling at him not to come onto his property. At no point did Ellison enter the property. However, he did yell back at Baker, and a heated argument between Baker and Ellison ensued, complete with challenges to fight and threats of violence.

At some point, Baker went into the house and returned with a kitchen knife, continuing the argument with Ellison. Ellison picked up a brick in response. Then Baker, escalating the confrontation, ran up the outside stairs to the balcony, where his elderly father was standing, and snatched a .45 caliber semi-automatic handgun out of his father's hands. When Ellison saw Baker grab the gun, he started running between two houses toward the next block over where his SUV was parked. Baker raced down the stairs and chased after him, shouting "I'm gonna kill [him]!" Baker fired as he ran. There were two initial shots followed by three shots in short succession.

Ellison's cousin stayed back at first, frightened by the gunfire. Between the first two shots and the final three, he worked up the courage to follow the men down the path between the two houses

---

[1] Baker committed his crimes on July 7, 2007. A Talbot County grand jury indicted him on August 20, 2007. On April 10, 2008, at the conclusion of a four-day trial, a Talbot County jury convicted Baker of malice murder, aggravated assault, and possession of a firearm during the commission of a felony. The prosecution agreed to dead docket an additional charge of possession of a firearm by a convicted felon. The trial court sentenced Baker to life in prison for malice murder plus 20 years consecutive for aggravated assault and five years concurrent for the possession conviction. Baker filed a timely notice of appeal on April 30, 2008. The case was docketed in this Court on June 23, 2008, and submitted for decision on the briefs on August 18, 2008.

toward where Ellison had parked the SUV. By the time Ellison's cousin reached the men and could see what was going on, the final three shots had been fired. Ellison was lying face down in the street with Baker standing over him pointing the gun at the back of his head. Ellison's cousin heard Baker say, "[i]f you move again, I'll put one [in the] back of your head." Ellison was dead by the time the paramedics and police arrived. A single gunshot to the chest had punctured his lung, aorta, and pulmonary artery.

Baker was arrested and taken to the police station, where he gave a statement in which he confessed to shooting Ellison and explained in detail why he had done so. Baker told the police he was glad he had shot Ellison, and that he would do it again if he had the chance.

Baker contends that the physical evidence proves that someone else shot Ellison. According to Baker, the location of the shell casings ejected from his gun as he fired at Ellison shows that the fatal shot could not have come from his gun. The State's own witnesses testified that there was no stippling on Ellison's body or clothes, so the fatal shot had to be fired more than three feet away from Ellison. Baker contends that the location of the shell casings shows that the first shot was fired into a tire, the second shot was fired into the air, and the remaining three shots were fired so close to Ellison that they would have left stippling. Thus, Baker concludes the physical evidence affirmatively disproves that he fired the fatal bullet and speculates that some unknown gunman must have shot Ellison while Baker was pursuing him, shooting at him, and struggling briefly with him over the gun.

This argument is specious. First, the crime scene was not immediately secured, and there was pedestrian and vehicle traffic through the area before it could be cordoned off. Thus, there is no guarantee that the shell casings were found where they originally fell. Second, the location of an ejected shell casing is not a very good way of determining how far the shooter was from the target. Contrary to Baker's claim, the physical evidence alone does not tell us in what order the bullets were fired. Thus, it is impossible to say, as Baker contends, that the first two shots were not aimed at Ellison. Third, expert testimony established that casings ejected from the type of gun Baker was using fly six to ten feet rearward and to the right when the gun is fired, making precise location of the shooter based on the resting place of a casing impossible. Fourth, where the casings came to rest would depend in large part on various unknowns, including the type of surface they struck, the shape and angle of the surface, and movement of the gun. In short, the location of the shell casings does not show Baker was not the shooter.

The jury rejected Baker's argument, and viewing the evidence in the light most favorable to the verdict, we have no difficulty concluding it was more than sufficient to authorize a rational trier of fact to find Baker guilty beyond a reasonable doubt of the crimes for which he was convicted.[2] Accordingly, we reject Baker's sole enumeration of error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*W. John Wilson, Robert L. Wadkins,* for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Dan Trimble, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General,* for appellee.

---

[2] *Jackson v. Virginia,* 443 U. S. 307, 309 (99 SC 2781, 61 LE2d 560) (1979); *In re Winship,* 397 U. S. 358, 361-364 (90 SC 1068, 25 LE2d 368) (1970).